GREMILLION, Judge,
concurs in part and dissents in part.
hi agree with the majority in affirming the WCJ’s finding that the surgery performed by Dr. Gunderson was medically necessary and causally-related to the on-the-job accident and the finding that Ms. Rachal is entitled to SEBs at zero earning capacity. I also agree with the majority in affirming the denial of Wal-Mart’s demand that Ms. Rachal’s benefits be deemed forfeit. And I would affirm the award of attorney fees. There exists in the record a reasonable basis for the WCJ’s findings on these issues; thus, there was no manifest error. I disagree with the majority, though, on the penalties that were assessed, as the WCJ’s admission of evidence not previously disclosed to Wal-Mart smacks of trial by ambush. I would find that admitting this evidence does constitute an abuse of the WCJ’s discretion.
The WCJ erred in allowing evidence of three alleged-unpaid mileage reimbursement requests. Before trial, the three letters requesting reimbursement, dated March 14, 2013, March 19, 2013, and June 18, 2013, were not disclosed to Wal-Mart, in violation of the WCJ’s scheduling order, which required that all trial exhibits be exchanged between the parties and the WCJ at least ten days prior to trial.
| gPretrial orders are provided for in La. Code Civ.P. art. 1551, subsection B of which provides, in pertinent part, that a pretrial order “controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.” (Emphasis added). One of the reasons for pretrial procedure is the avoidance of surprise. “Although the trial court is vested with much discretion to amend its pre-trial order, this discretion must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings *449 and structured the preparation and presentation of their cases accordingly.” Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1980, p. 24 (La.App. 1 Cir. 9/28/01), 809 So.2d 1040, 1055.
The majority casts aside this fact by noting that in the present case, the disputed claim for compensation does raise the issue of penalties and attorney fees and that Ms. Rachal’s pretrial statement filed on May 23, 2014, did state that penalties and attorney fees were an issue for trial. The claim for compensation was filed in 2009, years before the issue of nonpayment of mileage reimbursement requests even arose. Penalties and attorney fees are at issue in virtually every disputed claim for compensation. Nonetheless, it is incumbent upon the employee in such cases to prove her entitlement to them, and not by means that violate the pretrial order. Penalties in workers’ compensation cases are punitive, and the party against whom they are sought must be placed on notice of those acts the plaintiff asserts as grounds for imposing them.
The majority concedes that Wal-Mart was not on notice but states, “While Wal-Mart was not made aware of the specific instances of nonpayment of mileage reimbursement requests prior to trial, it was given an additional fifteen days to submit any evidence regarding payment. Furthermore, it had the opportunity to | «cross examine Ms. Attenhoffer [a witness not also not listed as being called to testify by Ms. Rachal] regarding the submission and payment of the requests for reimbursement.” This deviation from the pretrial order constitutes an abuse of the WCJ’s discretion. Granting a party fifteen days when that party employs over two million people, with a sizable number of them probably seeking workers’ compensation benefits, strikes me as an unrealistic demand. 'Furthermore, the question arises as to how Wal-Mart was even to present such evidence in fifteen days. Would the WCJ reconvene court in that time to entertain testimony? Would the WCJ have allowed it to be submitted by affidavit, and, if so, how would he address any objection Ms. Rachal may have interposed? Being allowed the opportunity to cross-examine an undisclosed witness is not an adequate remedy for a defendant surprised by that witness’s participation in the case.
I would reverse the penalties for each of the three allegedly-unreimbursed mileage charges.